Victor A. Pietrowski v. Commissioner.
Pietrowski v. Commissioner
Docket No. 37801.
United States Tax Court
1953 Tax Ct. Memo LEXIS 282; 12 T.C.M. (CCH) 442; T.C.M. (RIA) 53138; April 23, 1953
*282 Harold Gibson, Esq., for the petitioner. Melvin A. Bruck, Esq., for the respondent. JOHNSON
Memorandum Opinion JOHNSON, Judge: The respondent disallowed exemptions claimed by petitioner for alleged dependent children and, as a result, determined a deficiency of $487 in income tax for 1947. The proceeding was submitted on a stipulation of facts, which is incorporated herein by reference as our findings of fact. Petitioner, a resident of Oshkosh, Wisconsin, filed his return for 1947 with the collector of internal revenue for the district of Wisconsin, in which he claimed exemptions for five daughters as dependents. Pursuant to an order of the Winnebago County Circuit Court of Wisconsin, in connection with a decree of divorce granted prior to 1947 in which petitioner's wife was granted custody of five daughters of petitioner, in 1947 petitioner paid into the court the sum of $920, of which $230 represented alimony and $690 was for support of the children. Section 25 (b) (1) (D) of the Internal Revenue Code, applicable to the year 1947, allows: "An exemption of $600 for each dependent whose gross income for the calendar year in which the *283 taxable year of the taxpayer begins is less than $500, * * *." Subsection (b) (1) (3) of the same section defines a dependent as one of certain specified individuals, including a daughter of the taxpayer "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer." The respondent's action in denying the exemptions is presumed to be correct and petitioner's burden was to establish by proof that his claims were within the requirements of the statute. There was no appearance for petitioner at the hearing and no briefs were filed by either party. Petitioner alleged in his amended petition that he paid $60 a month during 1947 for the support of his alleged dependents, and that the contributions were more than one-half of the cost of their support. The allegations of fact were denied in the answer of respondent to the pleading. The agreed facts, which constitute the only evidence before us, establish total contributions in 1947 of $690 for the support of the five children. Such meager proof does not satisfy the requirements of the statute. Proof is lacking on whether the contributions of petitioner were more *284 than half of the actual cost of support, and whether the gross income of each of the alleged dependents was less than $500. The failure of petitioner to prove these requirements of the statute leaves us with no alternative but to sustain the respondent's action because of lack of proof of error. Accordingly, Decision will be entered for the respondent.